# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JESSE L. ROSEBOROUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 3:12-CV-164 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Jesse L. Roseborough on March 29, 2012. For the reasons set forth below, the petition (DE # 1) is **DISMISSED** for want of jurisdiction.

BACKGROUND

Jesse L. Roseborough, a *pro se* prisoner, filed this habeas corpus petition in the United States District Court for the Southern District of Indiana. Because Roseborough is currently housed in a prison located in the Northern District of Indiana and because the conviction he is challenging was entered by the Lake Superior Court (which is also in the Northern District), the case was transferred to this district. *See* 28 U.S.C. §§ 2241(d) and 1406(a). (DE # 3).

In this petition, Roseborough is attempting to challenge his conviction and 60 year sentence for murder by the Lake Superior Court under case number 45G03-9302-CF-00026 on March 19, 1993. This is not the first time that Roseborough has filed a petition challenging that conviction. In *Rosborough v. Cotton*, 3:02-CV-644 (N.D. Ind. filed September 9, 2002), Roseborough sought to challenge the same conviction he is challenging here. The court found that the petition was untimely and final judgment was entered April 29, 2003. Roseborough appealed that ruling, but the Seventh Circuit dismissed the appeal for lack of jurisdiction because it was filed late. The mandate was issued on December 1, 2004.

DISCUSSION

This is not Roseborough's first habeas corpus petition challenging this conviction. This court lacks jurisdiction to hear a second or successive habeas corpus petition. Regardless of whether the claims that Roseborough is now attempting to present are new or whether they were presented in his previous petition, this petition must be dismissed. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Therefore any claims previously presented must be dismissed. Additionally, for any claim not previously presented,

2

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3). Here, Roseborough has not obtained an order from the court of appeals permitting him to proceed with any previously unpresented claims. "A district court <u>must</u> dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Therefore any previously unpresented claims must also be dismissed.

CONCLUSION

For the reasons set forth above, the petition (DE # 1) is **DISMISSED** for want of jurisdiction.

DATED:  April 24, 2012                    /s/RUDY LOZANO, Judge
                                          **United States District Court**